

Jordan M. Smith

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

D: 212 880 3838
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6447
Jordan.Smith@akerman.com

January 22, 2020

**VIA ECF**
Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:   Marguerite Gabriel v. NewRez LLC**
>         **19-cv-06738 (RRM) (VMS)**
>         **Pre-Motion Conference Request**

Dear Judge Mauskopf:

We represent Shellpoint Mortgage Servicing, sued herein as NewRez LLC f/k/a/ New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, in the above-referenced action.  We respectfully write in accordance with the Your Honor's individual practices to request a pre-motion conference and an extension of time to respond to the complaint in anticipation of filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Factual Background

The complaint has almost no factual materials concerning Ms. Gabriel's claims.  The action arises out of a mortgage foreclosure on real property at 473 East 56th Street, Brooklyn, New York.  Anthony R. Rosemond, who owned the property, took out a loan in the amount of $32,000 secured by a mortgage on the property.  HHLD Finance Realty Corp of NY commenced an action to foreclose that mortgage on August 10, 2010.  Shellpoint began servicing the loan on June 12, 2018.  While the foreclosure action was pending, Ms. Gabriel contacted Shellpoint to assume or modify the loan.  Although not technically a party to that action, Ms. Gabriel has vigorously challenged the foreclosure by filing motions in state court, and the case is ongoing, with HHLD's motion for a judgment of foreclosure and sale currently pending.  Despite the citation to federal statutes, the complaint is, at its core, a collateral attack on the foreclosure.

Honorable Roslynn R. Mauskopf
January 22, 2020
Page 2

## Basis for Motion to Dismiss

Ms. Gabriel fails to state any cause of action against Shellpoint. Her complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, Ms. Gabriel pleads "[u]pon receiving a notice of impending foreclosure and a demand for payment of the debts of the deceased former owner of the home, the least-sophisticated consumer could reasonably conclude that such a communication was a threat to commence legal action against her and was attempting to collect a debt from her." [Compl. ¶ 26.] The Court should not accept Ms. Gabriel's legal conclusions passed off as factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Ms. Gabriel does not even allege the foreclosure notice was addressed to her. She alleges she somehow received a notice of foreclosure and demand for payment from the deceased owner of the property and assumed it was a threat to commence a legal action against her.

Second, Ms. Gabriel alleges Shellpoint improperly called and sent written communications "telling Ms. Gabriel that she could be held personally liable for the Mortgage … which had long been rendered entirely uncollectable by the statute of limitations." [Compl. ¶¶ 26-28.] Ms. Gabriel again relies on legal conclusions, namely the debt was uncollectible, in an attempt to make out her claims. The threadbare assertions and conclusory statements are insufficient to meet the pleading requirements of *Twombly* and *Iqbal*. *See Sembler v. Attention Funding Trust*, No. 07-dv-2493, 2009 WL 2883049, at *2 (E.D.N.Y. Sept. 3, 2009) (dismissing FDCPA claim as conclusory where plaintiff failed to specify the content and nature of the communications at issue, or how they violated the FDCPA).

Third, to the extent Ms. Gabriel's allegations are based on any conduct that occurred more than one year ago, the claims are time-barred. 15 U.S.C. § 1692k(d).

HHLD's motion for final judgment in the foreclosure action is currently pending. If that motion is granted, Shellpoint would also move to dismiss based on lack of subject matter jurisdiction. "The *Rooker–Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to review final judgments of state courts. *Morrison v. City of N.Y.*, 591 F.3d 109, 112 (2d Cir.2010). The doctrine "acts as a jurisdictional bar to cases: (1) 'brought by state-court losers,' (2) 'complaining of injuries caused by state-court judgments,' (3) that were 'rendered before the district court proceedings commenced,' and (4) 'inviting district court review and rejection of those [state court] judgments.'" *Russo v. DiLieto*, 566 F. App'x 85, 86 (2d Cir. 2014). Ms. Gabriel's grievances all relate to the ongoing foreclosure on the Rosemond property, which she contends is improper.

Honorable Roslynn R. Mauskopf
January 22, 2020
Page 3

<u>Request for Conference or Leave to Move</u>

Shellpoint respectfully requests a pre-motion conference because there is a sound basis to move to dismiss the complaint. Should the Court wish to set such a conference, we note there is already an initial conference set for February 11, 2020. In the alternative, we respectfully request the Court waive the conference requirement and allow Shellpoint to move to dismiss the complaint. Shellpoint further requests an extension of time to respond to the complaint pending a pre-motion conference or other resolution based on this letter.

Thank you for your consideration of this request.

                Respectfully submitted,

                <u>/s/ Jordan M. Smith</u>

                Jordan M. Smith

cc:    Adam Michael Birnbaum, Esq. (via CM/ECF)
       *Counsel for Plaintiff*