# KORSINSKY & KLEIN, LLP
**2926 Avenue L**
**Brooklyn, New York 11210**

———

TEL: (212) 495-8133
WWW.KKLAWFIRM.COM

| | |
|---|---|
| PARTNERS:<br>MICHAEL KORSINSKY, ESQ. *<br>JOSEPH KLEIN, ESQ., CPA*<br><br>COUNSEL:<br>DANIEL LIEBERMAN, ESQ.<br><br>MANHATTAN OFFICE<br>One Penn Plaza, Suite 1920<br>New York, New York 10119 | ASSOCIATES:<br>SAMUEL DIAMANTSTEIN, ESQ.*<br>ADAM M. BIRNBAUM, ESQ. **<br>MARC ILLISH, ESQ.<br>SANDRA DAVERMANN, ESQ.***<br>KENNETH RENOV, ESQ.*<br><br>  * Admitted in NY & NJ<br> ** Admitted in NY & MA<br>*** Admitted in NY & NC |

January 30, 2020

**VIA ECF**
Hon. Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Marguerite Gabriel v. NewRez LLC, 19-cv-06738 (RRM) (VMS)
        Plaintiff's Response to Defendant's Pre-Motion Conference Request

Dear Judge Mauskopf,

We represent Marguerite Gabriel, the plaintiff in the above-captioned matter. We write in compliance with Your Honor's Order, dated January 23, 2020, directing the Plaintiff to set forth the legal and factual bases on which we intend to rely in opposition to the Defendant's proposed motion to dismiss. Contrary to the multiplicity of arguments hinted at in the Defendant's letter dated January 22, 2020, Ms. Gabriel has pled a cause of action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. ("FDCPA").

The Complaint, while factually related to the ongoing foreclosure proceedings pending before the state court, is not a "collateral attack on the foreclosure," to which Shellpoint is not a party. Rather, the Complaint alleges that the Defendant committed specific, freestanding breaches of federal law in connection with its own role as a debt collector, that it used threats of litigation to hold Ms. Gabriel responsible for a debt that the statute of limitations had rendered uncollectable, and that Ms. Gabriel suffered damages as a result of said breaches. Ms. Gabriel's Complaint is not required to make "'detailed factual allegations' but must have 'more than an unadorned, the-defendant-unlawfully-harmed me accusation.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), which it manifestly does. The proposed motion to dismiss is little more than an attempt by the Defendant to avoid liability for its unlawful conduct by

**KORSINSKY & KLEIN, L.L.P.**

Hon. Roslynn R. Mauskopf
January 30, 2020
Page 2 of 3

"pointing the finger" at the foreclosure action, even though the Defendant is aware that it is not a party to said proceedings and that Ms. Gabriel has already taken the position therein that she is not entitled to join additional parties or interpose counterclaims.

## The Proposed Motion to Dismiss is Baseless

The Complaint alleges that "The sole current occupant of the Premises is the Plaintiff, Marguerite Gabriel. Ms. Gabriel was Rosemond's long-term partner, and she occupied and continued to live in the Premises after Rosemond passed away." The Complaint further alleges that "Shellpoint repeatedly contacted the Plaintiff, both in writing and over the telephone, in an attempt to convince her that she was likely to stand liable for the Mortgage in Rosemond's place. Shellpoint further told the Plaintiff that if she refused to assume responsibility for the Mortgage then she could face legal liability, including the loss of her home." The Complaint alleges that these communications finally culminated in Ms. Gabriel signing an assumption agreement on December 14, 2018, within the 1-year statute of limitations for FDCPA actions. Ms. Gabriel is not a sophisticated consumer and does not maintain written telephone records, but she intends to offer affidavits and written records, which she will supplement after discovery with the Defendant's own telephone records and correspondence archives, to demonstrate that this communication was continuous and ongoing and continued up until the very date that she executed the assumption agreement. Her "failure" to plead the specific dates of these contacts on the face of the Complaint is not a basis for dismissal, since "at the pleading stage, dismissing claims as time-barred is "appropriate only if a complaint clearly shows the claim is out of time."" Hines v. HSBC Bank USA, 2016 U.S. Dist. LEXIS 141651, *19-20 (E.D.N.Y. 2016), *quoting* Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999).

Defendant claims that these are "legal conclusions passed off as factual allegations," but they are sufficient allegations that Shellpoint spoke to Ms. Gabriel about the debts of the decedent Anthony Reid Rosemond, in violation of 15 USCS § 1692c (b), and that it represented to her that the debts could still form the basis of a lawsuit against her, in violation of 15 USCS § 1692e and 1692f.  Whether the "foreclosure notice" the Defendant references was addressed to Ms. Gabriel personally or not, upon being contacted by Ms. Gabriel, Shellpoint knew that she was not the debtor and Shellpoint was barred from speaking to her about the debt at all.

Once Shellpoint began communicating directly with Ms. Gabriel, it was bound by the FDCPA's bar against "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 USCS § 1692e, a bar which applies "irrespective of whether the presumed debtor owes the debt in question." Sykes v. Mel Harris & Assocs. LLC, 285 F.R.D. 279, 292 (S.D.N.Y. 2012). By representing that Shellpoint would abstain from legal action which it was simply not entitled to take if Ms. Gabriel agreed to assume Anthony Rosemond's debts, Shellpoint was "in violation of Section 1692(e)(5), which also constitutes a "false representation" in violation of Section 1692e(10). Although it is permissible for a debt collector to seek to collect on a time-barred debt voluntarily, it is prohibited from threatening litigation with respect to such a debt." Larsen v. JBC Legal Group, P.C., 533 F. Supp. 2d 290, 303 (E.D.N.Y. 2008) [internal citations omitted]. Even if the Court is inclined to accept that Ms. Gabriel's third-party status is

## KORSINSKY & KLEIN, L.L.P.

dispositive of some of her allegations, these same representations would still fall within the ambit of 15 U.S.C. 1692f, which grant "anyone aggrieved" by the violation standing to sue. *See, ex.,* Aviles v. Wayside Auto Body, Inc., 49 F. Supp. 3d 216, 228 (D. Conn. 2014).

The Rooker-Feldman doctrine is not implicated for two reasons. First, there has been no final determination in the state court proceedings, and there is thus no "judgment" against which Ms. Gabriel could make a "collateral attack." The Defendant speculates about what it "would" do should the holder of the note prevail in the foreclosure action, but until such a determination is made there is no basis to claim that Ms. Gabriel is a "state court loser" – nothing in the state court has been lost or won at the time of this writing; such speculative arguments are untimely. Irrespective of the outcome in the state court, Shellpoint faces separate responsibility for "claims sounding under the FDCPA [which speak] not to the propriety of the state court judgments, but to the fraudulent course of conduct that [Shellpoint] pursued in obtaining such judgments." Sykes v. Mel S. Harris & Assocs. LLC, 780 F.3d 70, 94-95 (2d Cir. 2015).

Second, while Defendant asserts that Ms. Gabriel has "vigorously challenged the foreclosure by filing motions," as Defense counsel is aware, the only step Ms. Gabriel took in the foreclosure action was the filing of a motion to dismiss the action because it was improperly commenced against Anthony Reid Rosemond a decade after Mr. Rosemond's death. New York law is absolutely clear that the dead may not be sued and that any case purportedly commenced against the dead is a legal nullity *ab initio*. *See, ex.,* Rivera v. Bruchim, 103 A.D.3d 700, 959 N.Y.S.2d 448 (N.Y. App. Div. 2d Dept. 2013). The law is likewise clear that the court may not grant any relief with respect to a case improperly commenced against the dead, including addition or substitution of parties. Marte v. Graber, 57 A.D.3d 1, 4 (N.Y. App. Div. 1st Dept 2008). Ms. Gabriel, therefore, cannot complain of Shellpoint's illegal collection activities in the state court proceeding, as she has already taken the position in her motion to dismiss that she may not properly ask the court to do <u>anything</u> except dismiss the complaint.

Conclusion

The Complaint is not a "collateral attack on the foreclosure" but complains of specific, actionable wrongdoing on Shellpoint's part which are sufficiently pled to avoid dismissal. The Court should conduct a pre-motion conference so it may be more fully apprised of the parties' arguments before it considers granting the Defendant leave to file a meritless dispositive motion. If the Court nonetheless seeks further elaboration of the allegations contained in the Complaint, the Plaintiff respectfully would seek leave to replead pursuant to Rule 15.

Respectfully Submitted,

/s/ Adam M. Birnbaum
Adam M. Birnbaum

cc:   Jordan M. Smith, Esq. (via ECF)
      *Counsel for the Defendant*