UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARGUERITE GABRIEL,<br><br>                           Plaintiff,<br><br>         -against-<br><br>NEWREZ LLC f/k/a NEW PENN FINANCIAL LLC d/b/a/ SHELLPOINT MORTGAGE SERVICING,<br><br>                           Defendant. | Case No.: 1:19-cv-06738<br><br>**DEFENDANT SHELLPOINT MORTGAGE SERVICING'S ANSWER TO THE COMPLAINT** |

Shellpoint Mortgage Servicing, sued herein as Newrez LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) submits its answer in response to the claims set forth in the Complaint of plaintiff Marguerite Gabriel dated November 29, 2019 (the **complaint**), ECF document number 1, and states:

1.      Denies the allegations in paragraph 1 of the complaint, except admits plaintiff purports to proceed as stated therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the complaint.

3.      Admits the allegations in paragraph 3 of the complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint, and respectfully refers all questions of law to the Court.

5.      No response is required to the allegations of paragraph 5 of the complaint as they call for legal conclusion. To the extent a response is required, Shellpoint denies the allegations in paragraph 5 of the complaint and refers all questions of law to the court.

6.      Admits the allegations in paragraph 6 of the complaint.

7. No response is required to the allegations of paragraph 7 of the complaint as they call for legal conclusion.

8. Admits the allegations in paragraph 8 of the complaint.

9. Admits the allegations in paragraph 9 of the complaint.

10. Admits the allegations in paragraph 10 of the complaint.

11. Admits the allegations in paragraph 11 of the complaint.

12. Admits the allegations in paragraph 12 of the complaint.

13. Admits the allegations in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint.

15. States no response is required to the allegations of paragraph 15. To the extent a response is required, Shellpoint denies the allegations in paragraph 15 of the complaint and refers all questions of law to the court.

16. No response is required to the allegations of paragraph 16 of the complaint as they call for legal conclusion. To the extent a response is required, Shellpoint denies the allegations in paragraph 16 of the complaint and refers all questions of law to the court.

17. Admits the allegations in paragraph 17 of the complaint.

18. Denies the allegations in paragraph 18 of the complaint.

19. No response is required to the allegations of paragraph 19 of the complaint as they call for legal conclusions. To the extent a response is required, Shellpoint denies the allegations in paragraph 19 of the complaint and refers all questions of law to the court.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint.

21. Denies the allegations in paragraph 21 of the complaint as to Shellpoint.

22. Denies the allegations in paragraph 22 of the complaint, except admits Ms. Gabriel signed an assumption agreement on December 14, 2018.

## COUNT ONE

23. In response to the allegations in paragraph 23 of the complaint, defendant repeats and reiterates each and every denial contained in paragraphs 1 through 22 of this answer as if set forth fully herein.

24. States no response is required to the allegations contained in paragraph 24 of the complaint. To the extent a response is required, denies the allegations and refers all questions of law to the court.

25. No response is required to the allegations of paragraph 25 of the complaint as they call for a legal conclusion. To the extent a response is required, Shellpoint denies the allegations in paragraph 25 of the complaint and refers all questions of law to the court.

26. No response is required to the allegations of paragraph 26 of the complaint as they call for a legal conclusion. To the extent a response is required, Shellpoint denies the allegations in paragraph 26 of the complaint and refers all questions of law to the court.

27. The allegations set forth in paragraph 27 of the complaint are not directed towards defendant and are not facts to which a response is required from defendant. To the extent a response is required, Shellpoint denies the allegations, and respectfully refers all questions of law to the Court.

28. Denies the allegations in paragraph 28 of the complaint.

29. Denies the allegations in paragraph 29 of the complaint.

30. States no response is required to the allegations contained in the second "WHEREFORE" paragraph of the answer, including subparts (a) through (c) thereto. To the extent a response is required, denies that plaintiff Marguerite Gabriel is entitled to any of the relief she seeks in the second "WHEREFORE" paragraph of the answer.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Shellpoint states as follows:

1. ***Failure to State a Claim:*** The complaint and each purported cause of action in the complaint fails to state a claim upon which relief can be granted.

2. ***Laches*:** The claims are barred by the doctrine of laches.

3. ***Estoppel*:** The claims are barred by the doctrine of estoppel.

4. ***Waiver and/or Release*:** The plaintiffs waived and/or released the right to pursue the claims.

5. ***Unclean Hands*:** The plaintiffs' claims are barred by the doctrine of unclean hands.

6. ***Statute of Limitations*:** The plaintiffs' claims for relief under 15 USC § 1692e are limited and/or barred by the applicable statute of limitations of 15 U.S.C. § 1692k.

7. ***Breach of Duties***: The plaintiffs' claims are barred because they are in material breach of the duties under which this action arises.

8. ***Reservation*:** Defendant reserves the right to assert any additional affirmative defenses based on information or knowledge obtained throughout the course of litigation.

*Wherefore*, having answered the complaint and asserted its affirmative defenses, BoNYM requests the Court enter judgment in its favor and also respectfully requests the Court award it the costs and attorney's fees.

Dated: New York, New York
May 6, 2020

**AKERMAN LLP**

By:   *s/ Jordan M. Smith*
Jordan M. Smith, Esq.
Anne Carrasco, Esq.
666 Fifth Avenue, 20th Floor
New York, New York 10103
(212) 880-3800

*Counsel for Shellpoint Mortgage Servicing, sued herein as "Newrez LLC F/K/A New Penn Financial LlC D/B/A/ Shellpoint Mortgage Servicing"*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2020, I filed the foregoing document through the Court's electronic filing system and thereby served all counsel of record as follows:

*Korsinsky & Klein, LLP*
*Adam M. Birnbaum*
*2926 Avenue L*
*Brooklyn, New York 11210*
*212-495-8133*
*Fax: 212-419-3839*
*Email: amb@kklawfirm.com*
*Attorney for Plaintiff Marguerite Gabriel*

*/s/ Jordan M. Smith*