# KORSINSKY & KLEIN, LLP

**2926 Avenue L**
**Brooklyn, New York 11210**

---

TEL: (212) 495-8133
WWW.KKLAWFIRM.COM

| | |
|---|---|
| PARTNERS: | ASSOCIATES: |
| MICHAEL KORSINSKY, ESQ. * | SAMUEL DIAMANTSTEIN, ESQ.* |
| JOSEPH KLEIN, ESQ., CPA* | ADAM M. BIRNBAUM, ESQ. ** |
| | MARC ILLISH, ESQ. |
| COUNSEL: | SANDRA DAVERMANN, ESQ.*** |
| DANIEL LIEBERMAN, ESQ. | KENNETH RENOV, ESQ.* |

MANHATTAN OFFICE
One Penn Plaza, Suite 1920
New York, New York 10119

\* Admitted in NY & NJ
\*\* Admitted in NY & MA
\*\*\* Admitted in NY & NC

June 9, 2020

*VIA ECF ONLY*
Honorable Roslynn R. Mauskopf, USDJ
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Gabriel v. Newrez LLC**
19-CV-6738 (RRM)(VMS)

Dear Judge Mauskopf,

This office represents the plaintiff in the above-referenced matter, In accordance with Your Honor's Individual Rule III(A)(2), we are requesting a pre-motion conference for the plaintiff's proposed motion to strike several affirmative defenses asserted in defendant's answer pursuant to FRCP 12(f)(2). As Your Honor may recall, I requested, on consent, a 14-day extension of time to file this letter, which Your Honor granted.

## FACTUAL BACKGROUND

This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), seeking money damages for the Defendant, a debt collector's, improper attempts to collect a debt for which the Plaintiff was not answerable and which had already been rendered uncollectable at New York law. The suit does not seek equitable relief.

## BASIS FOR MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant interposed an Answer on May 6, 2020, which asserted eight affirmative defenses. Of these, the Plaintiff seeks herein to strike six: laches; estoppel; "waiver and/or release;" unclean hands; breach of duties; reservation. For the reasons stated below, these affirmative defenses, pled in a conclusory fashion without any explanation of how they apply to the single cause of action in

KORSINSKY & KLEIN, L.L.P.

the Complaint, are insufficient as a matter of law and should be stricken. While there was formerly extensive debate in this Circuit concerning whether the pleading standards articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 [2007] and Ashcroft v. Iqbal, 556 U.S. 662 [2009] were applicable to affirmative defenses, as of March 2019 the issue has been laid to rest by GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98 [2d Cir 2019] ("We conclude that the plausibility standard of Twombly applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense.") The standard for a motion to strike affirmative defenses is, therefore, whether the defense is "plausible," e.g. whether the affirmative defense contains sufficient nonconclusory factual allegations to support a reasonable inference that the conduct alleged in the affirmative defense occurred. Iqbal, 556 U.S. at 678.

Laches: The second affirmative defense is laches, pled in a conclusory fashion: "the claims are barred by the doctrine of laches." There is no recitation of any facts which might put the Plaintiff on notice of how an equitable defense of laches might apply to this action. There is nothing in the Answer whatsoever that explains how Ms. Gabriel is responsible for the conduct complained of, what delay she is alleged to have engaged in bringing her claim, or how any of this prejudiced the Defendant. Further, the action was brought within the one-year statute of limitations contained in the FDCPA itself, 15 U.S.C. 1692k, and "in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief." Petrella v. MGM, 572 U.S. 663, 679 [2014].

Estoppel: The third affirmative defense, estoppel, is also plead in a conclusory fashion: "the claims are barred by the doctrine of estoppel." "The party claiming the benefit of an equitable estoppel must establish three elements: (1) lack of knowledge [. . .] as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." Residential Servs. Validated Publ'ns v. Carus, 2006 U.S. Dist. LEXIS 21118, *23 [E.D.N.Y. April 19, 2006]. There is nothing in the Answer which might put Ms. Gabriel on notice of how this defense relates to her sole claim of an FDCPA violation.

Waiver and/or Release: The fourth affirmative defense alleges that "[t]he plaintiffs waived and/or released the right to pursue the claim." Waiver is the voluntary abandonment or relinquishment of a known right." Jefpaul Garage Corp. v. Presbyterian Hosp., 61 N.Y.2d 442, 446 [N.Y. 1984] The Defendant does not identify anywhere in the Answer what actions Ms. Gabriel took which might have waived or released her right to pursue claims against it under FDCPA.

Unclean Hands: Unclean hands is an equitable defense which has no clear applicability to the sole cause of action at law asserted in the Complaint. Since "Plaintiff does not seek equitable relief, Defendant's unclean hands affirmative defense is wholly irrelevant to any of the Plaintiff's claims for relief, and cannot defeat Plaintiff's claim for monetary relief." Herman v. Nat'l Enter. Sys., 2008 U.S. Dist. LEXIS 73603, *36 [W.D.N.Y. Sept 10,2008]. The Answer does not identify any

## Korsinsky & Klein, L.L.P.

Hon. Roslynn R. Mauskopf<br>
June 9, 2020<br>
Page 3 of 3

inequitable conduct on Ms. Gabriel's part, pleading only that "the plaintiffs' claims are barred by the doctrine of unclean hands." There is considerable debate about whether unclean hands is a permissible defense to FDCPA claims at all, *see ex.* Francisco v. Midland Funding, LLC, 2019 U.S. Dist. LEXIS 42349, *8 [N.D. Ill. March 15, 2019] ("unclean hands is inconsistent with the policy underlying the Act. [The defense] would impermissibly shift the focus back toward the consumer's wrongdoing, which the text, structure, and history of the FDCPA do not allow.") Nonetheless, permissible or not, there are no allegations or facts in the Answer which would put Ms. Gabriel on notice of what her supposed wrongdoing was or how that conduct related to the subject matter of the Complaint, the Defendant's own violations of FDCPA.

Breach of Duties: The Answer pleads that "The plaintiffs' claims are barred because they are in material breach of the duties under which this action arises." The Answer nowhere alleges or asserts what possible duty Ms. Gabriel could have to the Defendant, nor what the "duties under which this action arises" could be. This action arises under a statute. This affirmative defense does not put Ms. Gabriel on notice of what is being alleged and should be stricken.

Reservation: The Answer asserts an eighth "affirmative defense." "Defendant reserves the right to assert any additional affirmative defenses based on information or knowledge obtained throughout the course of the litigation." If Defendant wishes to raise other defenses during the pendency of this action, it may do so only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Such a blanket "reservation of rights" is not an affirmative defense, and courts in this Circuit which have considered such a reservation have rejected it as improper. *See ex.* FTC v. Quincy Bioscience Holding Co., 2020 U.S. Dist. LEXIS 36424, *13-14 [S.D.N.Y. March 2, 2020].

REQUEST FOR CONFERENCE

Marguerite Gabriel respectfully requests a pre-motion conference. The affirmative defenses identified herein are irrelevant, inapplicable, or not proper affirmative defenses at all. Striking them will simplify the action and spare the Plaintiff and the Court from having to speculate as to their meaning.

Respectfully submitted,
**KORSINSKY & KLEIN, LLP**

By: /s/ Adam M. Birnbaum
Adam M. Birnbaum, Esq.

cc:   Jordan M. Smith, Esq. (via ECF)
*Counsel for the Defendant*