

Jordan M. Smith

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103

D: 212 880 3838
T: 212 880 3800
F: 212 880 8965
DirF: 212 905 6447
Jordan.Smith@akerman.com

June 16, 2020

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:    Marguerite Gabriel v. NewRez LLC**
        **19-cv-06738 (RRM) (VMS)**
        **Response to Pre-Motion Letter**

Dear Judge Mauskopf:

We represent Shellpoint Mortgage Servicing, sued herein as NewRez LLC f/k/a/ New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, in the above-referenced action.  We respectfully write in accordance with the Your Honor's individual practices and the June 10, 2020 order setting forth the legal and factual bases upon which Shellpoint intends to rely to oppose plaintiff's proposed motion to strike its affirmative defenses.

Factual Background

The complaint has almost no factual materials concerning Ms. Gabriel's claims.  The action arises out of a mortgage foreclosure on real property at 473 East 56th Street, Brooklyn, New York.  Anthony R. Rosemond, who owned the property but is now deceased, took out a loan in the amount of $32,000 secured by a mortgage on the property.  HHLD Finance Realty Corp of NY commenced an action to foreclose that mortgage on August 10, 2010.  Shellpoint began servicing the loan on June 12, 2018.  While the foreclosure action was pending, Ms. Gabriel contacted Shellpoint to assume or modify the loan.

Basis for Opposition to Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff is correct in her assertion "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense." *GEOMC Co. v. Calmare Therapeutics Inc*., 918 F.3d 92, 96 (2d Cir. 2019)   But, to succeed on a motion to strike an affirmative defense, a party must still "show that: (1) there is no question of fact which might

Honorable Roslynn R. Mauskopf
June 16, 2020
Page 2

allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *Id.* at 918 (internal citations omitted). "[A]pplying the plausibility standard to any pleading is a 'context-specific' task." *Id.* (internal citations omitted). "GEOMC does not stand for the proposition that an affirmative defense must be plead with the same degree of factual details as a complaint." *New London Associates LLC v. Kinetic Social LLC*, 2019 WL 2918163, at *1 (S.D.N.Y. July 8, 2019). When "an affirmative defense, rather than a complaint, is at issue … [t]his is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense." *GEOMC*, 918 F3d at 98. "Accordingly, in determining whether to apply plausibility standard or a relaxed version courts should consider both (1) the limited period of time a pleader of an affirmative defense has relevant to the pleader of a complaint; and (1) the 'nature of the affirmative defense,' i.e. whether factual support is readily available." *Jablonski v. Special Counsel Inc.*, 2020 WL 1444933, at *2 (S.D.N.Y. March 25, 2020).

<u>Estoppel, Waiver and/or Release, and Unclean Hands</u>:  Ms. Gabriel cannot make out the requirements of her motion to strike Shellpoint's affirmative defense based on estoppel, waiver and/or release, or unclean hands.  Ms. Gabriel fails to show the affirmative defenses are improper or that she would be prejudiced by the inclusion of the defenses.  *White v. Fein, Such & Crane, LLP*, No. 15-cv-438, 2018 WL 955903, at *4 (W.D.N.Y. Feb. 20, 2018) (holding "discovery with respect to [unclean hands, laches, estoppel and waiver] affirmative defenses are sufficiently entwined with the merits of the [FDCPA] claims asserted so that there is no basis to believe that retention of these defenses will needlessly increase the time and expense of trial or duration and expense of litigation.") The factual support for these defenses is also not yet available as Ms. Gabriel has not completed her document production or been deposed.

While their inclusion surely does not prejudice Ms. Gabriel, to avoid needless litigation <u>Shellpoint agrees to withdraw the affirmative defenses of laches, breach of duties, and reservation of defenses.</u>

Opposition to Conference or Leave to Move

Shellpoint respectfully opposes Plaintiff's request for a pre-motion conference.  Shellpoint withdraws its laches, breach of duties and reservation defenses.  Estoppel, waiver and/or release, and unclean hands affirmative defenses do not prejudice Plaintiff in anyway or add to the burden of discovery in this case.  The request to move to dismiss these defenses is little more than an effort to drive up defendants' costs of defense.  Allowing Plaintiff to move to dismiss Shellpoint's affirmative defenses would be an inefficient use of both litigants' and the Court's resources.

Thank you for your consideration of this request.

                                            Respectfully submitted,

                                            <u>/s/ Jordan M. Smith</u>
                                            Jordan M. Smith

Honorable Roslynn R. Mauskopf
June 16, 2020
Page 3

cc:     Adam Michael Birnbaum, Esq. (via CM/ECF)
        *Counsel for Plaintiff*