# KORSINSKY & KLEIN, LLP
**2926 Avenue L**
**Brooklyn, New York 11210**

———

**TEL: (212) 495-8133**
**WWW.KKLAWFIRM.COM**

| | |
|---|---|
| *PARTNERS:* | |
| MICHAEL KORSINSKY, ESQ* | SAMUEL DIAMANTSTEIN, ESQ* |
| JOSEPH KLEIN, ESQ., CPA* | MARC ILLISH, ESQ.. |
| | ADAM M. BIRNBAUM, ESQ.** |
| *COUNSEL:* | |
| DANIEL J. LIEBERMAN, ESQ. | * Admitted in NY & NJ |
| | ** Admitted in NY and MA |

**VIA ECF**                                                                  September 15, 2020
Hon. Eric Komitee, U.S.D.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Marguerite Gabriel v. Newrez, LLC
        Case No. 1:19-cv-6738 (EK)(VMS)

Dear Judge Komitee,

We represent Plaintiff Marguerite Gabriel ("Gabriel") in the above-captioned action. Pursuant to your Honor's Individual Motion Practices and Rules III(A)(2), we write to request a pre-motion conference seeking leave to file a motion for summary judgment under Rule 56. This letter summarizes the basis for said motion.

**Summary of Facts** Plaintiff is a natural person who resides in Kings County, New York. Gabriel lives in the home formerly owned by her late fiancé, Anthony Reid Rosemond ("Rosemond"). Before his death, Rosemond obtained a loan in the amount of $32,000.00 secured by a mortgage lien recorded on his home (the "Mortgage"). The Mortgage was, on its face, due to be paid in full on April 15, 2011. The Mortgage has been assigned, sold, or transferred many times. On May 29, 2000, Rosemond died. On August 12, 2010, more than ten years after Rosemond's death, a predecessor-in-interest to the current holder of the Mortgage, non-party HHLD Finance Realty Corp of NY, purported to commence a foreclosure action in the New York Supreme Court, County of Kings against Rosemond personally but not against his heirs or estate. Gabriel was not sued since she was not liable for the debt.

The Mortgage was assigned to non-party and predecessor-in-interest to the current creditor Household Finance Corp of NY which, on or about December 3, 2014, commenced a proceeding in Kings County Surrogate's Court for the administration of the Rosemond's estate, captioned Estate of Anthony Reid Rosemond a/k/a Anthony R. Rosemond, File No. 2014-4794/A. No prior petition for the administration of Rosemond's estate or for probate of any testamentary instrument had been filed in Kings County. On or about August 30, 2018, Rosemond's children, Tonya and Sonja Rosemond, filed a cross-petition for the administration of Rosemond's estate, File No. 2014-4794/B. On October 15, 2018, Tonya and Sonja Rosemond were granted Letters of Administration for the Estate of Anthony Reid Rosemond. Soon thereafter, Defendant Newrez LLC d/b/a Shellpoint ("Shellpoint") received actual notice that "the court has appointed Anthony

## Korsinsky & Klein, LLP

Hon. Eric Komitee
Page 2 of 3

and Sonja as co-administrators," which Shellpoint recorded in its own records Notably, Marguerite Gabriel was not appointed as an administrator of the estate and this was known to Defendant Shellpoint.

***Summary of the Complaint*** The Complaint alleges that Shellpoint, as a debt collector, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq by misrepresenting the character or status of a debt, the Mortgage. Specifically, Shellpoint attempted to, and actually did, convince Gabriel to assume personal responsibility for Rosemond's debt by executing an assumption agreement, a contract of adhesion which was prepared by Shellpoint with terms that were non-negotiable. Moreover, the statute of limitations on the debt already expired. Nevertheless, Shellpoint pursued Gabriel for the debt, telling her that she could lose her home if she declined to sign the assumption agreement, even though Gabriel was not the debtor, had no personal responsibility for the debt, and the time to collect on the debt expired, in violation of 15 U.S.C. § 1692e(2)(A). Shellpoint also violated the FDCPA by wrongly dunning Gabriel, in violation of 15 U.S.C. § 1692e(10).

Further, by speaking with Gabriel *at all* about Rosemond's debt, Shellpoint violated 15 U.S.C. § 1692c(d). Shellpoint had both constructive and actual knowledge that Rosemond was deceased. Shellpoint had constructive and actual knowledge that Gabriel was not among the persons with whom a debt collector is authorized to speak about the debts of a deceased consumer, as she was not Rosemond's "spouse, parent (if the consumer is a minor), guardian, executor, or administrator." Id. While Gabriel's previous attorney represented, incorrectly, that Gabriel was the "executor" of Rosemond's estate, Shellpoint knew this to be incorrect and cannot, therefore, claim that it relied on this representation. Even if the knowledge of the creditor's activities in the Surrogate's Court dating back to 2014 cannot be imputed to Shellpoint by virtue of its status as a debt collector, *see* Powers v. Professional Credit Servs., Inc., 107 F. Supp. 2d 166, 169 (N.D.N.Y. 2000), Shellpoint's records reveal that Gabriel was deemed to not be an authorized person to speak about the loan because Shellpoint's own review of the file concluded that the will Gabriel's attorney provided had not been submitted to any court, and that no court had appointed her executor. Further, Shellpoint received actual notice that Tony and Sonja Rosemond had been appointed administrators of Rosemond's estate. Despite this, Shellpoint continued communicating with Gabriel by telephone and by postal mail, even after receiving notification that fiduciaries had been appointed for the estate. Within the one-year statute of limitations applicable to FDCPA claims, Shellpoint mailed Gabriel another copy of the assumption agreement it prepared and, by phone and by mail, encouraged her to sign it so she could remain in her home – an implicit threat to begin or continue legal action. Shellpoint *never* attempted to communicate with the appointed administrators to arrange that the debt be repaid from the estate's assets. Instead, Shellpoint persisted in pursuing Gabriel personally for the debt.

Despite the fact that Shellpoint knew that the Mortgage was to be repaid on April 15, 2011, it took no action to confirm, pursuant to New York's "Zombie Debt Law," 23 CRR-NY 1.3, that the debt was not barred by the New York statute of limitations, which is six years. *See, ex.,* Bank of N.Y. Mellon v Dieudonne, 171 A.D.3d 34, 37 (N.Y. App Div. 2d Dept 2019), *citing* NY CPLR § 213(4). The creditor wrongfully continued to prosecute a foreclosure against Rosemond

# Korsinsky & Klein, LLP

Hon. Eric Komitee
Page 3 of 3

which was commenced more than ten years after his death, even though at New York law the dead may not be sued, rendering that action a nullity. Matter of Foreclosure of Tax Liens, 165 A.D.3d 1112, 1118 (N.Y. App Div. 2d Dept 2018). A nullity improperly commenced against the dead cannot toll the statute of limitations. Carrick v. Central General Hospital, 51 N.Y.2d 242, 245 (N.Y. 1980). The debt was thus entirely barred by the statute of limitations. Shellpoint could and should have discovered this but, from testimony of a former Shellpoint employee, and unrebutted by any documentary or testimonial evidence, Shellpoint had no systems in place to conduct such a review, and its employees received no training on how to determine whether debts might have been time-barred. Nevertheless, Shellpoint, by continuing to communicate with Gabriel about the debt and suggesting that it would take or continue legal action to collect it, further misrepresented the status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

***Plaintiff is Entitled to Summary Judgment on Her FDCPA Claim*** The facts of this action are not in dispute. Shellpoint knew Gabriel was not a person with whom it was entitled to communicate concerning the debts of Rosemond under the FDCPA. Shellpoint should have known that the debt, by virtue of its age if for no other reason, might have been time-barred, but took no apparent action with respect to this fact, including failing to serve a required notice pursuant to New York's "Zombie Debt" law to this effect. Instead, Shellpoint violated the law and continued to pursue the Plaintiff individually.

***Defendants' Affirmative Defenses are Meritless*** Other than conclusory assertions, the evidence does not support *any* of the Defendant' four boilerplate affirmative defenses. Defendant has yet to identify what, if any, conduct on Gabriel's part might establish that she is estopped from asserting the instant FDCPA claim. It has not identified any waiver or release of said claim; the only instrument that might establish such a waiver or release is paragraph six of the Assumption Agreement, the validity of which Gabriel does not concede, which concerns only claims against the "Original Lender, Lender, and their respective successors, assigns, agents, directors, officers, employees, and attorneys, and each current or substitute trustee under the Security Instrument" but omits Shellpoint itself. The unclean hands defense, discussed above, similarly does not apply, as Shellpoint cannot establish that Gabriel's counsel's mistaken representation was made in anything other than error, nor that it relied on the representation as it knew the representation that Gabriel was the executor of Rosemond's estate was incorrect. Finally, as there was indisputably continuous and ongoing communication from Shellpoint to Gabriel within the 1-year statute of limitations, it is not clear what, if any, applicability this affirmative defense has.

For the foregoing reasons, Gabriel respectfully requests a pre-motion conference to set a briefing schedule for her motion for summary judgment.

Respectfully,

**Korsinsky and Klein, LLP**
*/s/ Adam M. Birnbaum*
Adam M. Birnbaum
cc: Counsel of Record (via ECF)