

Anne Carrasco

Akerman LLP
520 Madison Avenue
20th Floor
New York, NY  10022

D: 212 259-8744
T: 212 880 3800
F: 212 880 8965
anne.carrasco@akerman.com

September 21, 2020

**VIA ECF**
Honorable Eric Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:    Marguerite Gabriel v. NewRez LLC**
**19-cv-06738 (EK) (VMS)**
**Pre-Motion Conference Request**

Dear Judge Komittee:

We represent Shellpoint Mortgage Servicing, sued herein as NewRez LLC f/k/a/ New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, in the above-referenced action. Discovery is complete, and Shellpoint wishes to move for summary judgment. We respectfully write in accordance with Your Honor's individual practices to request a pre-motion conference and also to set forth the legal and factual basis upon which Shellpoint intends to oppose plaintiff's proposed motion for summary judgment, as set forth in its pre-motion conference letter dated September 15, 2020.

Factual Background

The action arises out of an action to foreclose a mortgage on real property at 473 East 56th Street, Brooklyn, New York. Anthony R. Rosemond, who owned the property, took out a loan in the amount of $32,000 secured by a mortgage. HHLD Finance Realty Corp of NY commenced a timely action to foreclose that mortgage on August 10, 2010. Shellpoint began servicing the loan on June 12, 2018. While the foreclosure action was pending, Ms. Gabriel and her counsel contacted Shellpoint to request to assume or modify the loan. Although not technically a party to the foreclosure action, Ms. Gabriel has vigorously challenged the foreclosure by filing motions in state court, and the case is ongoing, with HHLD's motion for a judgment of foreclosure and sale currently pending.

Basis for Motion for Summary Judgment and Opposition to Plaintiff's Motion

Ms. Gabriel claims Shellpoint violated 15 U.S.C. §§ 1692e(2)(4) and 1692e(10) of the Fair Debt Collection Practices Act which prohibit a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and "[t]he use

Honorable Eric Komitee
September 21, 2020
Page 2

of any false representation or deceptive means to collect or attempt to collect any debt." [Compl. ¶¶ 24-25.] Ms. Gabriel can provide no evidence supporting her claims. Her claims will not survive a motion for summary judgment.

First, Ms. Gabriel pleads "[u]pon receiving a notice of impending foreclosure and a demand for payment of the debts of the deceased former owner of the home, the least-sophisticated consumer could reasonably conclude that such a communication was a threat to commence legal action against her and was attempting to collect a debt from her." [Compl. ¶ 26.] The facts established through discovery disprove Ms. Gabriel's claims Shellpoint contacted her to collect on the debt before she assumed the loan. Ms. Gabriel initiated contact with Shellpoint to assume and modify the loan on the advice of her then-counsel. Ms. Gabriel testified she called Shellpoint to determine how to bring the loan current and was provided options to do so. Evidence, including recordings of the telephone calls, show Ms. Gabriel first contacted Shellpoint to bring the loan current in July 2018. Ms. Gabriel provided no testimonial or documentary evidence supporting her claim Shellpoint contacted her in writing, via telephone, or otherwise regarding repayment of the loan before she contacted Shellpoint to inquire about bringing the loan current.

Second, Ms. Gabriel alleges Shellpoint improperly called and sent written communications "telling Ms. Gabriel that she could be held personally liable for the Mortgage … which had long been rendered entirely uncollectable by the statute of limitations." [Compl. ¶¶ 26-28.] Ms. Gabriel's contention the debt was time-barred and uncollectable is incorrect. During the time Ms. Gabriel was communicating with Shellpoint the loan was in an active and timely foreclosure. Shellpoint was and continues to actively enforce its rights under the loan.

Even if the statute of limitations had run, Ms. Gabriel could reaffirm the debt and assume the loan. See *Wiesel v. Rubinstein*, 820 N.Y.S.2d 847 (Sup. Ct. Nassau County. 2006) (reaffirming that "if part payment of a debt otherwise outlawed by the statute of limitations is made under circumstances from which a promise to honor the obligation may be inferred, it will be effective to make the time limited for bringing an action start anew from the time of such payment")(citation omitted). In response to discovery demands requesting correspondence between her and Shellpoint, Ms. Gabriel only produced Shellpoint correspondence addressed to her after she assumed the loan in December 2018. She testified she had no other correspondence from Shellpoint seeking payment on the loan. Ms. Gabriel has produced no documentary or testimonial evidence supporting her claims Shellpoint contacted her in an attempt to collect on the loan by threatening legal action against her before she assumed the loan.

Third, what Ms. Gabriel does not specifically plead but was made apparent through discovery is her belief that Shellpoint wrongfully allowed her to assume the loan. Underlying Ms. Gabriel's FDCPA claim is her assumption Shellpoint violated the FDCPA by allowing her to assume and modify the loan. Ms. Gabriel points to no statutory or case law in her complaint nor any evidence in discovery supporting her contention Shellpoint violated the FDCPA by agreeing to her request to assume the loan. Ms. Gabriel claims in her pre-motion letter she was not the executrix of Mr. Rosemond's estate. Ms. Gabriel contacted Shellpoint about making the loan current and provided a will stating she was the executrix of Mr. Rosemond's estate. She then authorized her attorney to obtain a modification and assumption on her behalf. A Shellpoint representative testified the will

Honorable Eric Komitee
September 21, 2020
Page 3

was sufficient to make her an authorized third-party on the loan and no request to remove her as an authorized third-party was ever made. Ms. Gabriel remains the only party with whom Shellpoint is authorized to discuss the loan. Ms. Gabriel testified she was happy with the modification and continued to make timely payments until she "knew better" after speaking with counsel. Nothing in the facts as Ms. Gabriel herself recounts them, or the law, supports the contention Shellpoint violated the FDCPA by granting Ms. Gabriel's request to assume the loan.

### Affirmative Defenses

Ms. Gabriel's basis to strike Shellpoint's estoppel, waiver and/or release and unclean hands defenses rest entirely on Ms. Gabriel's unsupported allegation Shellpoint violated the FDCPA by granting her request for an assumption of Mr. Rosemond's loan. The evidence shows Ms. Gabriel contacted Shellpoint regarding an assumption and modification of Mr. Rosemond's loan, provided Shellpoint with documentation she was the executrix of Mr. Rosemond's estate, and entered into an assumption of Mr. Rosemond's loan. Ms. Gabriel now claims Shellpoint is not an agent of the original lender, she was not the executrix of the estate, and Mr. Rosemond's will stating she was executrix was somehow mistaken. Ms. Gabriel has not because she cannot show Shellpoint is not an agent of the original lender; nor can she show she and her then attorney were mistaken regarding her role as executrix. Shellpoint does not dispute there was ongoing communication between Gabriel and Shellpoint within the one-year statute of limitations. Ms. Gabriel's claims are based on Ms. Gabriel's original communication with Shellpoint in July 2018 during which she represented she was the executrix of the Mr. Rosemond's estate. Ms. Gabriel did not file her complaint until November 29, 2019. Ms. Gabriel's allegations Shellpoint is not entitled to its affirmative defense are completely unsupported.

### Request for Conference or Leave to Move

Shellpoint respectfully requests a pre-motion conference because there is a sound basis to move for summary judgment and, for the same reasons, will oppose plaintiff's summary judgment motion. In the alternative, we respectfully request the Court waive the conference requirement and set a briefing schedule for Shellpoint's motion.

Thank you for your consideration of this request.

Respectfully submitted,
*/s/ Anne Carrasco*
Anne Carrasco

cc:   Adam Michael Birnbaum, Esq. (via CM/ECF)
      *Counsel for Plaintiff*